# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40138
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Wesley Alan Ryan,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CR-131-1

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Wesley Alan Ryan was convicted of possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d), and sentenced to 24 months of imprisonment followed by two years of supervised release. On appeal, he contends that the district court erred in denying his motions to suppress and to dismiss the indictment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

When reviewing the denial of a pretrial motion, we generally review legal conclusions de novo and factual findings for clear error. *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011). However, because Ryan's motions to suppress and to dismiss were untimely, review is for plain error only. *See United States v. Dennis*, 41 F.4th 732, 740 (5th Cir. 2022).

Ryan argues that the district court erred in denying the motion to suppress because the search of the metal shed behind his residence exceeded the scope of the search warrant. "Under the good faith exception, evidence obtained during execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance upon the warrant was objectively reasonable and made in good faith." *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013). This exception does not apply, however, if: (1) the issuing judge was misled by information in an affidavit that the affiant knew or should have known was false; (2) the issuing judge abandoned his impartial judicial role; (3) the affidavit supporting the warrant so lacks indicia of probable cause that reliance on it is entirely unreasonable; or (4) the warrant on its face is so deficient in identifying the place to be searched or the things to be seized that it cannot reasonably be presumed valid. *United States v. Morton*, 46 F.4th 331, 336 (5th Cir. 2022).

While Ryan claims that the good faith exception was inapplicable because the warrant was so facially deficient in identifying the place to be searched that it was unreasonable for the officers to presume it was valid, the warrant authorized the search of outbuildings, including the metal shed behind his residence. In fact, the warrant provided for the search of "the suspected place and premises" described in the affidavit. The affidavit then described the suspected place and premises as "[a] residence and *outbuildings* located at" the address in question. Because the affidavit provided sufficient specificity in identifying the place to be searched, it was not unreasonable for the officers to presume that the warrant was valid. *See id*.

No. 24-40138

Moreover, the affidavit supporting the search warrant was not bare bones. "Bare bones affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable caus." *Id.* (internal quotation marks and citation omitted). In this case, the affiant explained how he was aware of Ryan, detailed incidents between Ryan and his neighbors, and specified that a stolen trailer had been observed on Ryan's property. Because the affidavit provided more than conclusory statements or boilerplate, the reliance on the search warrant, issued on the basis of the affidavit, was not unreasonable. *See United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006). Accordingly, the district court did not plainly err when it denied the motion to suppress the evidence. *See Morton*, 46 F.4th at 336; *Dennis*, 41 F.4th at 740-41.

Ryan also argues that in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), § 5861(d) is unconstitutional because this provision is not part of this country's historical tradition of firearm regulation. To establish plain error, Ryan "must at least show error in the straightforward applications of existing cases." *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024) (internal quotation marks and citation omitted). "Arguments that require the extension of existing precedent cannot meet the plain error standard." *Id.* Because there is no binding precedent holding § 5861(d) unconstitutional, and it is not clear under *Bruen* that such a result is mandated, Ryan is unable to demonstrate an error that is clear or obvious. *See id.* Accordingly, the district court did not clearly err in denying the motion to dismiss the indictment. *See Dennis*, 41 F.4th at 740.

AFFIRMED.